**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards,<br><br>        Plaintiff,<br><br>vs.<br><br>PHH Mortgage Corporation, et al.,<br><br>        Defendants. | No. CV-18-04040-PHX-SPL<br><br>**ORDER** |

Before the Court is (i) Defendant Clear Recon Corporation's ("CRC") Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 12) and (ii) Defendant PHH Mortgage Corporation's ("PHH") Motion to Dismiss with Prejudice (Doc. 14). CRC and PHH (together, the "Defendants") move to dismiss the Plaintiff's complaint (Doc. 1-4) pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Defendants argue that the Plaintiff's claims are barred by the doctrine of res judicata. For the reasons that follow, both motions are granted.

**I.    Background[1]**

The Plaintiff originally filed this action in Maricopa County Superior Court on July 17, 2018 (Doc. 1-4 at 2), and the case was removed to this Court on November 12, 2018 (Doc. 1). Plaintiff alleges that the Defendants wrongfully foreclosed on his property. (Doc.

---

[1] Per the Defendants' request, the Court has taken judicial notice of the exhibits filed at docket numbers 13-1, 13-2, 13-3, 13-4, 13-5, 13-6, and 13-7. (Doc. 13)

1-4 at 7)

The Plaintiff filed a nearly identical complaint alleging identical claims based on the same facts in a prior proceeding in the Maricopa County Superior Court before Judge Sherry K. Stephens (CV 2017-012833) (the "State Court Case"). The State Court Case resulted in a dismissal of the action *with prejudice*.

**II.    Discussion**

Res judicata, or claim preclusion, bars the subsequent litigation of a claim by the parties and their privies if the issues were or could have been raised in the prior action. *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010). In a federal question case, "res judicata applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity of privity between parties." *Id*. (citation and internal quotation marks omitted).

**A. Identity of Claims**

In determining whether an identity of claims exists, the Court looks at the following four factors:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve the same infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*ProShipLine Inc.*, 609 F.3d at 968. Here, the Defendants argue that the claims present in the complaint are identical to the claims brought in the State Court Case. The Plaintiff does not make any cognizable arguments in response to the motions, nor does the Plaintiff dispute that the claims are identical and arise out of the same transactional nucleus. (Doc. 47) It is clear that the same rights are at issue and would be impaired by the prosecution of this case. It is also clear to the Court that the Plaintiff is relying on substantially similar facts to argue the same infringement on the rights giving rise to his claims. Accordingly, for purposes of res judicata, the Court finds that the first criterion of identity of claims is

met as both actions allege claims for injunctive relief, fraud and misrepresentation, negligent misrepresentation, civil conspiracy, and quiet title based on identical facts. (Doc. 13-5 at 1–25; Doc. 1-4 at 1–13)

## B. Final Judgment on the Merits

The United States Supreme Court has confirmed that if a court "determine[s] that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also* Fed. R. Civ. P. 41(b) ("[A]ny dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). In the November 20, 2018 order dismissing the State Court Case (the "Dismissal Order"), Judge Sherry K. Stephens does not state the grounds for granting the Defendants' "Motion for Summary Disposition."[2] (Doc. 13-6 at 2) However, the Dismissal Order makes it clear that it is dismissing the State Court Case with prejudice. (Doc. 13-6 at 2); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, (2001) (stating "[W]ith prejudice is an acceptable form of shorthand for an adjudication upon the merits"); *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016) (stating "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"). Therefore, the Court finds the judgment in the State Court Case was a final adjudication on the merits.

## C. Identity of Privity Between Parties

Finally, as it relates to claim preclusion, privity "is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). In reviewing the dockets, it is indisputable that privity exists between the parties in the State Court Case and here: CRC and PHH are defending parties in both actions, and Defendants Laura Sixkiller and Tim Pomeroy represented the Defendants in

---

[2] Neither party has provided the Court with the formal written order issued by the Maricopa County Superior Court dismissing the State Court Case.

3

the State Court Case.

### III. Conclusion

For these reasons, the Court finds the instant action is barred by the doctrine of res judicata.

Accordingly,

**IT IS ORDERED** that Defendant Clear Recon Corporation's Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 12) is **granted;** and

**IT IS FURTHER ORDERED** that Defendant PHH Mortgage Corporation's Motion to Dismiss with Prejudice (Doc. 14) is **granted**.

Dated this 26th day of April, 2019.

Honorable Steven P. Logan
United States District Judge