**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S. Edwards,<br><br>    Plaintiff,<br><br>vs.<br><br>PHH Mortgage Corporation, et al.,<br><br>    Defendants. | No. CV-18-04040-PHX-SPL<br><br>**ORDER** |

Before the Court are four motions to dismiss, (i) Defendant PHH Mortgage Corporation's ("PHH") Motion to Dismiss First Amended Complaint with Prejudice (Doc. 28); (ii) Defendant Clear Recon Corporation's ("CRC") Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 42); (iii) Defendant Kate Benveniste's Motion to Dismiss First Amended Complaint with Prejudice (Doc. 39); and (iv) Defendant Laura Sixkiller's Motion to Dismiss First Amended Complaint with Prejudice (Doc. 26) (together, the "Motions to Dismiss"), and PHH's Motion to Declare Stephen S. Edwards A Vexatious Litigant and Enter a Pre-Filing Order (Doc. 83). For the reasons that follow, all of the motions are granted.

**I.**    **Motions to Dismiss**

The Plaintiff originally filed this action in Maricopa County Superior Court on July 17, 2018 (Doc. 1-4 at 2), and the case was removed to this Court on November 12, 2018 (Doc. 1). Plaintiff alleges that Defendants PHH and CRC wrongfully foreclosed on his

property. (Doc. 1-4 at 7)  PHH, CRC, Kate Benveniste, Robert Crowl,[1] and Laura Sixkiller (together, the "Defendants") filed the Motions to Dismiss arguing that the first amended complaint (Doc. 22) (the "FAC") fails under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. Legal Standard

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).  A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

### B. Analysis

First, the Court notes its earlier Order (Doc. 99) dismissing the Plaintiff's original complaint against PHH and CRC on the basis of res judicata (the "Res Judicata Order"). The Court incorporates its analysis under the Res Judicata Order here.  Furthermore, the Court finds that the facts pleaded against PHH and CRC for the Plaintiff's claims of

---

[1] The Court acknowledges Defendant Robert Crowl's joinder to PHH's Motion to Dismiss (Doc. 38) and includes him in the relief awarded in this Order.

"breech of Contract," mortgage fraud, fraud and misrepresentation, negligent misrepresentation, civil conspiracy, and quiet title are identical to the facts pleaded in the original complaint that was dismissed by the Court's Order. (Doc. 99) Accordingly, counts 1, 2, 4, 5, 6, and 7 of the FAC will be dismissed as they pertain to PHH and CRC.[2]

The Court finds that the remainder of the FAC fails to provide any of the Defendants with fair notice of the facts giving rise to the Plaintiff's claims against them. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hannan v. Maxim Integrated Prod., Inc.*, 394 F. App'x 434 (9th Cir. 2010). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* For Count 1, the Plaintiff's claim for "breech of Contract," the Plaintiff fails to plead sufficient facts to identify a valid contract between the Remaining Defendants or state how the Remaining Defendants breached any such contract. (Doc. 22 at 3–4); *Graham v. Asbury*, 540 P.2d 656, 657 (1975) (stating "[t]o bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages."); *see also Double J Inv., LLC v. Automation Control & Info. Sys. Corp.*, 2013 WL 12190460, at 1 (D. Ariz. 2013).

For Count 2, the Plaintiff's claim for mortgage fraud and injunctive relief, the Plaintiff fails to demonstrate that the Remaining Defendants knowingly provided him with fraudulent information, and the Plaintiff only uses conclusory allegations to support his claim. *Wilkinson v. Wells Fargo Bank, N.A.*, 2012 WL 1880610, at 4 (D. Ariz. 2012) (stating "[t]o prove fraud in Arizona, nine elements must be established: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely

---

[2] Laura Sixkiller, Kate Benveniste, Robert Crowl, Laurel Handley and Tim Pomeroy (together, the "Remaining Defendants") are the remaining parties addressed in Counts 1, 2, 4, 5, 6, and 7 in this analysis.

3

thereon, and (9) the hearer's consequent and proximate injury," and "[m]ere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place, and nature of the alleged fraudulent activities.") For Count 3, the Plaintiff's claim for bad faith, the Plaintiff fails to set forth any specific allegations to support this cause of action. (Doc. 22 at 10)

For Count 4, the Plaintiff's claim for fraud and misrepresentation, the Court finds that the Plaintiff does not provide sufficient facts to establish a claim for fraud and does not identify the misrepresentation made by the Remaining Defendants with particularity. *In re Arizona Theranos, Inc., Litig.*, 256 F. Supp. 3d 1009, 1023 (D. Ariz. 2017) (stating that "[u]nder Arizona law, to prevail on a common law fraud claim, a plaintiff must show (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury."). In the FAC, the Plaintiff merely states that the Defendants made false representations regarding "the pay-off balance" under the Plaintiff's mortgage, but does not set forth any allegations connecting the Remaining Defendants to these allegations or describing how their actions rise to the level of misrepresentation or a violation of A.R.S. 44-1521. (Doc. 22 at 11) For Count 5, the Plaintiff's claim for negligent misrepresentation, the Court finds that the Plaintiff has failed to plead sufficient facts to demonstrate that the Remaining Defendants failed to exercise reasonable care or competence in obtaining the information provided to the Plaintiff. (Doc. 22 at 12); *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 341 (Ct. App. 1996), (stating that a claim for negligent misrepresentation requires a plaintiff to plead that the defending party who, in the course of business, profession or employment, or in any other transaction in which it has a pecuniary interest, supplies false information for the guidance of others in its business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if it fails to exercise reasonable care or competence in obtaining or

communicating the information.)

For Count 6, the Plaintiff's claim for civil conspiracy, the Court finds that the Plaintiff fails to plead sufficient facts to demonstrate that the Remaining Defendants reached a tacit understanding or agreement to engage in fraudulent misrepresentation. *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1020 (D. Ariz. 2001) (stating "that a conspiracy to commit fraud be pleaded with the same particularity as the fraud itself."). In support of this claim, the Plaintiff only offers conclusory allegations. The Plaintiff does not assert Count 7, the Plaintiff's claim to quiet title, against the Remaining Defendants. (Doc. 22 at 13, stating "Plaintiff seeks to quiet title against the claims of Defendant PHH and . . . Clear Recon Corporation."). For Count 8, the Plaintiff's claim for Real Estate Settlement Procedures Act (12 U.S.C. §§ 2601–2617) violations, the Plaintiff fails to set forth any specific allegations against the Defendants to support this cause of action. (Doc. 22 at 14) For Count 9, the Plaintiff's claim for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692), the Plaintiff fails to set forth any specific allegations against the Defendants and relies on conclusory allegations to support this cause of action. (Doc. 22 at 14)

For Count 10, the Plaintiff's claim for defamation, libel and slander, the Plaintiff fails to identify a defamatory, libelous or slanderous statement made by any of the Defendants. *Hosszu v. Barrett*, 202 F. Supp. 3d 1101, 1105 (D. Ariz. 2016) (stating that a party must . . . establish that the statements about which it complains are reasonably capable of sustaining a defamatory meaning). For Count 11, the Plaintiff's claim for "ARS Title 33 Violations," the Plaintiff fails to set forth any specific allegations to support this cause of action. (Doc. 22 at 15) For Count 12, the Plaintiff's request for punitive damages, the Plaintiff fails to set forth any specific allegations to support this cause of action. (Doc. 22 at 15) For Count 13, the Plaintiff's claim for emotional duress, the Plaintiff fails to set forth any relevant allegations to support this cause of action. (Doc. 22 at 15–16) Accordingly, the Court finds that the Motions to Dismiss must be granted.

## II. Vexatious Litigation

PHH filed a motion (Doc. 83, the "VL Motion") to declare the Plaintiff, along with several of his wholly-owned entities, a vexatious litigant, and PHH requests for the Court to enter an order enjoining the Plaintiff from filing any motions, pleadings, or new actions against PHH without first obtaining leave from the Court. PHH argues that the VL Motion is unopposed (Doc. 90), and the Plaintiff filed a motion to strike the VL Motion (Doc. 98) after the response deadline. The Court finds that the Plaintiff's arguments in opposition to the VL Motion are mostly unintelligible.

### A. Legal Standard

It is well settled that the Court possesses the authority to enjoin a party from further vexatious litigation. And, in addressing the motion, the Court must determine whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

### B. Analysis

The Plaintiff did not file a timely response to the VL Motion, but he did file a motion to strike the VL Motion that addressed the motion with baseless and irrelevant conjecture. (Doc. 98) However, the Court finds that the Plaintiff had an adequate opportunity to oppose the VL Motion and any pre-filing order prior to its entry. In its substantive analysis, the Court must consider whether: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of

prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007).

### 1. History of Litigation

The VL Motion provides an extensive account of the Plaintiff's repetitive litigation of identical lawsuits against PHH. The history of repetitive and harassing litigation is first demonstrated by the Court's earlier Order (Doc. 99) dismissing the Plaintiff's initial complaint in this case because it was identical to a case previously adjudicated before the Maricopa County Superior Court. However, the Court recognizes another case pending before it, 2:19-cv-1495-SPL *Edwards v. PHH Mortgage Corporation et al.*, based on substantively identical facts. A search of the Court's docket reveals approximately five other cases[3] filed by the Plaintiff against PHH in the District of Arizona since 2013, not including a separate case in New Jersey (1:17-cv-07807). The Court finds that the listed litigations are frivolous because they are duplicative and arising out of similar facts and circumstances pertaining to the property located at 1765 N. Lemon Street, Mesa, Arizona. All of the issues discussed in these prior cases deem the latter cases meritless and reflective of a pattern of harassment.

The Court also notes that the Plaintiff has been deemed a vexatious litigant in the Arizona state court system, as Judge Hugh Hegyi of the Maricopa County Superior Court stated that the Plaintiff "consistently used litigation . . . in order to harass and publish scandalous, nonsensical and completely baseless insults," and that the Plaintiff does so "for the sole purposes of increasing his opponents' litigation costs and harassing his opponents." (Doc. 28 at 4) Defendant Sixkiller, counsel for PHH, estimates that the Plaintiff has filed eight lawsuits against PHH arising from this same set of circumstances. (Doc. 26 at 2) Accordingly, the Court finds that the Plaintiff's history of duplicative and harassing

---

[3] The cases before the District of Arizona include: 2:13-cv-00735-ROS (closed 09/05/2013), 2:14-cv-00066-MHB (closed 03/31/2014), 2:15-cv-02640-JJT (closed 01/04/2017), 2:16-cv-01842-JJT (closed 01/25/2017), 2:19-cv-01962-JAT.

litigation weighs in favor of deeming him a vexatious litigant.

**2. Motive**

It is clear to the Court that the Plaintiff's duplicative filings are being made with the intent to harass PHH, CRC, and their counsel. This is evident from the salacious, unsupported, and often irrelevant allegations made against the Defendants throughout the Plaintiff's complaint (Doc. 1-4) and FAC (Doc. 22). The present lawsuit now seeks to add the attorneys of the Plaintiff's main targets, PHH and CRC, in a clear effort to harass these parties due to the Plaintiff's failure to succeed on the merits of his other lawsuits. Accordingly, the Court finds that this factor weighs in favor of entering a pre-filing order against the Plaintiff.

**3. Representation**

The next factor is whether or not the Plaintiff is represented by counsel. It is the Court's understanding that the Plaintiff has not been represented by counsel in any of his previous lawsuits against PHH. The courts are generally protective of pro se litigants; thus, this factor weighs against finding that the Plaintiff is a vexatious litigant. *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 866 (C.D. Cal. 2004); *See Iwachiw v. N.Y. City Bd. of Elections*, 273 F.Supp.2d 224, 228 (E.D.N.Y.2003).

**4. Unnecessary Expense**

It is clear to the Court that the Plaintiff's repetitive, baseless lawsuits have caused unnecessary expense to the Defendants and wasted court resources. Again, the Plaintiff has consistently and unsuccessfully filed lawsuits based on substantially similar facts over the course of approximately six years. The time and expense of the Defendants and the resources of many courts have been wasted with these lawsuits. Accordingly, the Court finds that this factor weighs in favor of entering a pre-filing order against the Plaintiff.

**5. Availability of Other Sanctions**

The Court next considers whether sanctions under Rule 11 of the Federal Rules of Civil Procedure would be adequate to deter the Plaintiff's frivolous filings. Rule 11 requires that "[a] sanction imposed under this rule must be limited to what suffices to deter

repetition of the conduct." Fed.R.Civ.P. 11(c)(4); *Chambers v. NASCO*, Inc., 501 U.S. 32, 50 (1991). Rule 11 provides a list of sanctions of varying severity that courts may, in their discretion, impose: "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*. The Court finds that imposing penalties pursuant to Rule 11 would be inadequate to deter the Plaintiff from continuing his harassing behavior. The Plaintiff has demonstrated a commitment to continuing to pursue his baseless claims in various venues over the course of six years. Accordingly, the Court finds that this factor weighs in favor of entering a pre-filing order against the Plaintiff.

### C. Conclusion

Based on the aforementioned factors, the Court finds that a pre-filing restrictions against the Plaintiff are appropriate. The Court's aforementioned analysis satisfies the requirement of setting forth a record of the Plaintiff's numerous duplicative cases and the frivolous and harassing nature of each of these cases. Pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. The Court finds that limiting a pre-filing order to the Plaintiff's claims against PHH or the purchase, mortgage, or financing of the property at 1765 N. Lemon Street, Mesa, Arizona is sufficient to justly restrain the Plaintiff from continuing to file harassing lawsuits without restricting the Plaintiff's access to the courts entirely. *Ringgold-Lockhart*, 761 F.3d at 1067 (stating that "it is not uncommon for district courts to enjoin litigants from relitigating a particular case, such as when a litigant refuses to accept the finality of an adverse judgment.").

Accordingly,

**IT IS ORDERED** that Defendant PHH Mortgage Corporation's Motion to Dismiss First Amended Complaint with Prejudice (Doc. 28) is **granted**;

**IT IS FURTHER ORDERED** that Defendant Clear Recon Corporation's Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief Can

Be Granted (Doc. 42) is **granted**;

**IT IS FURTHER ORDERED** that Defendant Kate Benveniste's Motion to Dismiss First Amended Complaint with Prejudice (Doc. 39) is **granted**;

**IT IS FURTHER ORDERED** that Defendant Laura Sixkiller's Motion to Dismiss First Amended Complaint with Prejudice (Doc. 26) is **granted**;

**IT IS FURTHER ORDERED** that Defendant PHH Mortgage Corporation's Motion to Declare Stephen S. Edwards A Vexatious Litigant and Enter a Pre-Filing Order (Doc. 83) is **granted**;

**IT IS FURTHER ORDERED** that Plaintiff Stephen S. Edwards is declared to be a vexatious litigant. Therefore, Plaintiff and his wholly owned entities "1630 S. 36th LLC," "Stephen S. Edwards, Inc.," "Super Trust Fund u/t/d June 15, 2001," "Mesa Blue, LLC," and "Gucci Blue, LLC" must obtain this Court's approval before filing any further motions or pleadings in this case, or any other related case pending or closed in the District of Arizona, against Defendant PHH Mortgage Corporation or any of its affiliates, including officers, directors, employees, agents, attorneys, predecessors, successors, insurers, affiliates, subsidiaries or parents, or arising out of the purchase, mortgage, financing or refinancing of the property located at 1765 N. Lemon Street, Mesa, Arizona;

**IT IS FURTHER ORDERED** that the Plaintiff and his wholly owned entities "1630 S. 36th LLC," "Stephen S. Edwards, Inc.," "Super Trust Fund u/t/d June 15, 2001," "Mesa Blue, LLC," and "Gucci Blue, LLC" must obtain this Court's approval before seeking to commence any new action against Defendant PHH Mortgage Corporation or any of its affiliates, including officers, directors, employees, agents, attorneys, predecessors, successors, insurers, affiliates, subsidiaries or parents, or arising out of the purchase, mortgage, financing or refinancing of the property located at 1765 N. Lemon Street, Mesa, Arizona; and

///

///

///

**IT IS FURTHER ORDERED** that all pending motions (Docs. 20, 58, 86, 87, 88, 90, 91, 92, 95, 98) are **denied as moot**, and the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 30th day of April, 2019.

*[signature]*
Honorable Steven P. Logan
United States District Judge